PEOPLE v. RANDLE

1. CRIMINAL LAW—POSSESSION OF NARCOTICS—FIRST OFFENSE—
CONSTITUTIONAL LAW.
   Claim of defendant that the "first offense" penalty provision of
   a statute which prohibits unlawful possession of narcotics is
   a denial of equal protection of the laws and due process of
   law held, without merit (MCLA § 335.153).

2. CRIMINAL LAW—POSSESSION OF NARCOTICS—NEW TRIAL—PLEA
TO LESSER OFFENSE.
   Granting of new trial on condition that a defendant plead
   guilty to the lesser offense of unlawful possession of narcotics,
   where no meritorious ground for granting a new trial ap-
   peared other than the defendant's and the court's desire to
   avoid the mandatory minimum 20-year sentence for unlawful
   sale of narcotics of which defendant had been convicted, is
   no more objectionable than the acceptance of a plea of
   guilty to a lesser included or added offense in exchange for
   a plea of guilty (MCLA §§ 335.152, 335.153).

3. MOTIONS—MOTION TO AFFIRM.
   Motion to affirm defendant's conviction of unlawful posses-
   sion of narcotics is granted, where the questions presented
   on appeal are unsubstantial and require no formal argument
   or submission (MCLA § 335.153; GCR 1963, 817.5[3]).

Appeal from Wayne, George E. Bowles, J. Sub-
mitted Division 1 April 22, 1969, at Detroit. (Docket
No. 3,955.) Decided June 23, 1969. Leave to appeal
denied December 10, 1969. See 383 Mich 751.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 580–582.
[2] 39 Am Jur, New Trial § 207.
[3] 5 Am Jur 2d, Appeal and Error § 932.

Walter Randle was convicted, on his plea of guilty, of unlawful possession of narcotics. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Terrance K. Boyle,* Assistant Prosecuting Attorney, for the people.

*Norman J. Grubbs* and *William C. Hague,* for defendant on appeal.

BEFORE: J. H. GILLIS, P. J., and LEVIN and V. J. BRENNAN, JJ.

PER CURIAM. Defendant Walter Randle was tried without a jury and convicted of sale of narcotics contrary to MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122), and sentenced under the statute, which provides for a 20-year minimum sentence, to 20 to 21 years in prison. Subsequently, his motion for a new trial was granted. Randle then pled guilty to the charge of unlawful possession of narcotics contrary to MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123) and he was sentenced to a term of three to ten years in prison. On appeal defendant contends that the "first offense" penalty provision[1] of MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123) is

---

[1] "Any person not having a license as required under the provisions of PA 1937, No 343, as amended, being §§ 335.51–335.78, inclusive, of the Compiled Laws of 1948, who shall possess or have under his or her control any narcotic drug shall be deemed guilty of a felony, and upon conviction thereof, for the first offense shall be punished by imprisonment for not more than ten years, and a fine of not more than $5,000. In the discretion of the court the sentence for any such imprisonment or fine may be suspended, or the person convicted may be placed on probation for a term of years within the limits for which a sentence of imprisonment may be given."

constitutionally infirm, and that the grant of a new trial constituted an inducement to plead guilty. The appellee has filed a motion to affirm the conviction.

There is no substance in the defendant's arguments that the "first offense" penalty provision is a denial of equal protection of the laws and due process of law. Our examination of the record convinces us that the defendant's plea of guilty was accepted in accordance with GCR 1963, 785.3.

Defendant's conviction of unlawful sale of narcotics and his 20–21 year sentence became final upon denial of his application for leave to appeal by the Michigan Supreme Court (*People* v. *Randle* [1966], 378 Mich 744). The grant of a new trial on condition that the defendant plead guilty to a lesser offense where his conviction for the originally charged offense had become final and, as was the case here, no meritorious ground appeared for granting a new trial other than the defendant's and the court's desire to avoid the mandatory minimum 20-year sentence for the offense of which the defendant had been convicted is no more objectionable than the acceptance of a plea of guilty to a lesser included or added offense in exchange for a plea of guilty. *Cf.* *People* v. *Byrd* (1968), 12 Mich App 186.

The questions presented are unsubstantial and require no formal argument or submission. The motion to affirm[2] the defendant's conviction is granted.